



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 12, 2021**

United States Bankruptcy Judge

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 20-42796-mxm-7 |
| Jeremy Jay Gilbert, | § | |
| | § | Chapter 7 |
| Debtor. | § | |
| | § | |

---

| | | |
|---|---|---|
| | § | |
| Trench Tech International, Inc. and Trench-Tech, Ltd., | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adversary No. 20-04091-mxm |
| | § | |
| Jeremy Jay Gilbert, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION TO THE DISTRICT COURT ON THE
## MOTION TO WITHDRAW REFERENCE FILED BY TRENCH TECH
*[Relates to Adv. ECF No. 6]*

On February 11, 2021, the Court held a status conference on the *Plaintiffs' Motion to Withdraw the Reference and Incorporated Brief* (the "***Motion***"),[1] filed by Trench Tech International, Inc. and Trench-Tech, Ltd. (together, "***Trench Tech***"). Debtor and defendant Jeremy Jay Gilbert ("***Gilbert***") has not filed a response to the Motion, and he did not appear at the status conference. For the reasons detailed below, this Court respectfully recommends that the United States District Court for the Northern District of Texas grant the Motion.

## I.     PROCEDURAL AND FACTUAL BACKGROUND

### A.     District Court Action

On March 7, 2019, Trench Tech International, Inc. sued Gilbert and other parties in the Northern District of Texas, Fort Worth Division, Civil Action No. 4:19-cv-00201-O (the "***District Court Action***").[2] The *Second Amended Complaint*,[3] the live pleading in the District Court Action, asserts the following claims against Gilbert: (1) violation of the federal Defend Trade Secrets Act (18 U.S.C. § 1836) for willful and malicious misappropriation of trade secrets; (2) conspiracy to misappropriate trade secrets; (3) breach of fiduciary duty; and (4) conspiracy to breach fiduciary duty.

The District Court has entered sanction and discovery related orders[4] in the District Court Action due to Gilbert's failure to comply with his discovery obligations. The latest order required, among other things, that Gilbert respond to Trench Tech International, Inc.'s written discovery by August 28, 2020 and appear for his oral deposition by September 25, 2020.[5]

---

[1] Adv. ECF No. 6.

[2] *Plaintiff's Original Complaint*, District Court Doc. 1.

[3] District Court Doc. 85.

[4] *See, e.g.,* District Court Doc. 86, 134, 157.

[5] *Interim Scheduling Order During the Stay*, District Court No. 157.

B.       **Bankruptcy filing and Bankruptcy Court Action**

On September 1, 2020 (the "***Petition Date***"), Gilbert filed a Chapter 7 bankruptcy petition in this Court, initiating Bankruptcy Case No. 20-42796.[6]

On the Petition Date, Gilbert also filed a *Notice of Bankruptcy*[7] in the District Court Action, prompting the District Court to enter an *Order*[8] that, among other things, (i) instructed the Clerk of Court to submit a JS-6 form to the Administrative Office, thereby removing the District Court Action from the statistical records; and (ii) directed the parties to report to the District Court in writing every 120 days regarding the status of the bankruptcy proceedings.

In this bankruptcy case, December 7, 2020 was fixed as the deadline to object to Gilbert's discharge or to challenge whether certain debts are dischargeable.[9]

On December 2, 2020, Trench Tech filed its *Complaint* (the "***Bankruptcy Complaint***"),[10] initiating this Adversary Proceeding (the "***Bankruptcy Court Action***").   The Bankruptcy Complaint alleges background facts that are substantially similar to those contained in the Second Amended Complaint filed in the District Court Action.[11]   The Bankruptcy Complaint asserts the following causes of action against Gilbert:

- ***Count One: Request for Declaratory Judgment Regarding Sanctions and Contempt***

---

[6] Bankr. ECF No. 1.

[7] District Court Doc. 172.

[8] District Court Doc. 173.

[9] Bankr. ECF No. 5, § 9.

[10] Adv. ECF No. 1.

[11] In the Bankruptcy Complaint, Trench Tech stated that it intended to file a motion to withdraw the reference so that the Bankruptcy Court Action could be heard by the District Court and consolidated with the District Court Action. *See* Bankruptcy Complaint at 3, n.1.

    o  Trench Tech seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that (i) the District Court's discovery and sanctions orders in the District Court Action are not claims that can be adjudicated or discharged in Gilbert's bankruptcy case, and (ii) Trench Tech International, Inc.'s right to seek attorney fees as sanctions and other sanctions against Gilbert in the District Court Action are not claims that can be adjudicated or discharged in Gilbert's bankruptcy case.

- ***Count Two: Non-Dischargeability***

    o  Trench Tech seeks a declaration that its various state and federal claims against Gilbert are nondischargeable under 11 U.S.C. § 523(a)(4), (a)(6).

- ***Count Three: Violation of Defend Trade Secrets Act***

    o  Trench Tech seeks damages and injunctive relief against Gilbert pursuant to 18 U.S.C. § 1836 because he allegedly willfully and maliciously acquired, disclosed, or used Trench Tech's trade secrets through improper means.

- ***Count Four: Violation of Texas Uniform Trade Secrets Act for Misappropriation Occurring After August 31, 2013***

    o  Trench Tech seeks damages and injunctive relief against Gilbert pursuant to Texas Civil Practice and Remedies Code Chapter 134A because he allegedly willfully and maliciously acquired, disclosed, or used Trench Tech's trade secrets through improper means.

- ***Count Five: Common Law Misappropriation of Trade Secrets Occurring Before September 1, 2013***

- o Trench Tech seeks damages and injunctive relief against Gilbert pursuant to Texas common law because he allegedly willfully and maliciously acquired, disclosed, or used Trench Tech's trade secrets through improper means.

- **Count Six: Conspiracy to Misappropriate Trade Secrets for Common Law Misappropriation Occurring Before September 1, 2013**

  - o Trench Tech alleges a willful and malicious conspiracy of Gilbert, Tech Con Trenching, Inc., and David W. Conlon ("**Conlon**")[12] to misappropriate Trench Tech's trade secrets, and Trench Tech seeks to hold Gilbert jointly and severally liable for all acts done by Tech Con Trenching, Inc. and Conlon in furtherance of their conspiracy to misappropriate Trench Tech's trade secrets.

- **Count Seven: Breach of Fiduciary Duty**

  - o Trench Tech seeks damages based on the allegation that Gilbert willfully and maliciously breached his fiduciary duties owed to Trench Tech by divulging Trench Tech's business secrets to third parties, including Trench Tech's competitors.

- **Count Eight: Conspiracy to Breach Fiduciary Duty**

  - o Trench Tech seeks to hold Gilbert jointly and severally liable for all acts done by Tech Con Trenching, Inc. and Conlon in furtherance of their conspiracy to have Gilbert breach his fiduciary duties owed to Trench Tech.

---

[12] Tech Con Trenching, Inc. and Conlon are defendants in the District Court Action but not in the Bankruptcy Court Action.

5

On January 15, 2021, Trench Tech filed the Motion, requesting that the District Court withdraw the reference of the Bankruptcy Court Action so that it can be tried with and consolidated into the District Court Action.

On January 18, 2021, Trench Tech filed its *Plaintiffs' Motion to Stay or Abate Proceedings and Incorporated Brief* (the "***Motion to Stay***"), requesting that this Court stay the Bankruptcy Court Action pending a ruling on the Motion by the District Court. By a separate order entered on this date, the Court granted the Motion to Stay.[13]

## II.    REPORT AND RECOMMENDATION

Pursuant to Local Bankruptcy Rule 5011-1, this Court has considered and determined the following:

**1)    Whether any response to the motion to withdraw the reference was filed**

Gilbert has not filed a response to the Motion.

**2)    Whether a motion to stay the proceeding pending the district court's decision on the motion to withdraw the reference has been filed, in which court the motion was filed, and the status (pending, granted or denied) of the motion**

As noted above, the Court entered an order granting the Motion to Stay.

**3)    Whether the proceeding is core or non-core, or both and with regard to the noncore and mixed issues, whether the parties consent to entry of a final order by the bankruptcy judge**

The Bankruptcy Court Action is a mix of core and noncore matters. Trench Tech's nondischargeability claims under 11 U.S.C. § 523 are "core" matters. The rest of Trench Tech's causes of action are, at best, "related to" matters. At the status conference, Trench Tech indicated that it does not consent to entry of a final judgment by this Court. Although the Court does not

---

[13] Adv. ECF No. 15.

need Trench Tech's consent to enter a final judgment on the nondischargeability claims, which potentially can be severed, it might need Trench Tech's consent to enter a final judgment as to the balance of the claims.

Even if the Court can hear and determine all issues in the Bankruptcy Court Action, however, does not mean that the Court *should* hear and determine them. As noted below, the Court concludes that permissive withdrawal of the reference is appropriate under the facts and circumstances in this case.

4)   **Whether a jury trial has been timely requested, and if so, whether the parties consent to the bankruptcy judge conducting a jury trial, and whether the district court is requested to designate the bankruptcy judge to conduct a jury trial**

Trench Tech demanded a jury trial in its Bankruptcy Complaint.[14] At the status conference, Trench Tech indicated it would not consent to this Court's conducting a jury trial. Although Trench Tech is not entitled to a jury trial on its nondischargeability claims, which potentially can be severed, it might be entitled to a jury trial on the balance of the claims.

As noted below, the Court concludes that permissive withdrawal of the reference is appropriate under the facts and circumstances in this case.

5)   **If a jury trial has not been timely requested or if the proceeding does not involve a right to jury trial**

See 4) above.

6)   **Whether a scheduling order has been entered in the proceeding**

At the commencement of the Adversary Proceeding, the Court entered the *Order Regarding Adversary Proceedings Trial Setting and Alternative Scheduling Order*,[15] a copy of

---

[14] Bankruptcy Complaint ¶ 56.

[15] Adv. ECF No. 2.

which is attached as **Exhibit A.** As noted above, however, the Court has granted the Motion to Stay, staying all matters pending a ruling by the District Court on the Motion.

      **7)**      **Whether the parties are ready for trial**

The parties are not ready for trial. At the status conference, Trench Tech indicated that it needs Gilbert to comply with his discovery obligations before it can try its claims.

      **8)**      **Any other matters relevant to the decision to withdraw the reference**

It is not clear to the Court whether mandatory withdrawal under 28 U.S.C. § 157(d) applies in this case. Mandatory withdrawal applies only when there is a substantial and material interpretation of non-bankruptcy federal law rather than the mere application of well-settled law.[16] The Court is uncertain whether the federal-trade-secret issues raised in the Bankruptcy Court Action involve substantial and material interpretation of non-bankruptcy federal law rather than the mere application of well-settled law.

Permissive withdrawal of the reference, however, does appear appropriate in this case. When considering permissive withdrawal under 28 U.S.C. § 157(d), the Court considers the following factors: (1) whether the proceeding is core or non-core; (2) whether withdrawal would foster a more economical use of the parties' resources; (3) whether withdrawal would expedite the bankruptcy process; (4) whether withdrawal would reduce forum shopping and promote uniformity; and (5) whether jury demands have been made.[17]

First, most of the claims raised in the Bankruptcy Court Action are, at most, "related to" matters that are not at the heart of the bankruptcy process. This factor favors withdrawal of the reference.

---

[16] Motion at 1-2.

[17] *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985).

Second, withdrawal of the reference so that the Bankruptcy Court Action can be heard and tried with the District Court Action would foster economical use of the parties' resources, especially given the significantly overlapping issues of fact and law.  This factor favors withdrawal of the reference.

Third, withdrawal of the reference will expedite the bankruptcy process because a single Court can liquidate Trench Tech's claims against Gilbert and determine whether they are dischargeable.  That single-forum solution avoids having a trial in District Court on the non-core matters, only to have this Court later determine whether the claims are dischargeable (whether through trial or preclusion principles).  This factor favors withdrawal of the reference.

Fourth, withdrawal of the reference will not necessarily reduce forum shopping, but it will promote uniformity by allowing a single court, the District Court, to make legal and factual determinations with respect to all of Trench Tech's claims.  This factor favors withdrawal of the reference.

Fifth, Trench Tech has made a jury demand, but it is likely entitled to a jury demand only with respect to its non-core claims.  This factor, standing alone, only slightly favors withdrawing the reference.

After reviewing and weighing all the factors, the Court finds and concludes that permissive withdrawal of the reference is appropriate in this case.

9) **Whether the bankruptcy judge recommends that (i) the motion be granted, (ii) the motion be granted upon certification by the bankruptcy judge that the parties are ready for trial, (iii) the motion be granted but that pre-trial matters be referred to the bankruptcy judge, or (iv) the motion be denied**

This Court respectfully recommends that the District Court grant the Motion.

### ### END OF REPORT AND RECOMMENDATION ###

# EXHIBIT A

BTXN 090 (rev. 12/09)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| In Re: | § | |
| Jeremy Jay Gilbert | § | |
| | § | Case No.:   20–42796–mxm7 |
| Debtor(s) | § | Chapter No.:   7 |
| Trench Tech International, Inc.  et al. | § | |
| Plaintiff(s) | § | Adversary No.:   20–04091–mxm |
| vs. | § | |
| Jeremy Jay Gilbert | § | |
| Defendant(s) | § | |

## ORDER REGARDING ADVERSARY PROCEEDINGS TRIAL SETTING AND ALTERNATIVE SCHEDULING ORDER

An adversary complaint is set for trial routinely at the time of its filing. Special settings or pretrial conferences may be scheduled by contacting the appropriate Courtroom Deputy.

**TRIAL** is set before the **Honorable Mark X. Mullin** at **Room 128, U.S. Courthouse, 501 W Tenth Street, Fort Worth, TX 76102** the month of **June 2021**. Docket call for this trial will be held on **May 27, 2021** at **9:00 AM** at **Room 128, U.S. Courthouse, 501 W Tenth Street, Fort Worth, TX 76102**. A pretrial conference shall be scheduled by the parties at least seven (7) calendar days prior to trial docket call in a complex adversary proceeding if the parties anticipate that trial will exceed one day or if there are preliminary matters that should be addressed by the Court prior to the commencement of trial.

## PART I: INSTRUCTIONS

1. Plaintiff is responsible for ensuring that proper service is provided to each defendant. The Clerk shall issue one original summons, which shall be conformed by the plaintiff for service on multiple defendants. Federal Bankruptcy Rule 7004(e) requires you to serve the fully completed **SUMMONS** form and a copy of the **COMPLAINT** on each defendant within seven (7) days of issuance. In addition, the Court also directs that this **ORDER** *be served with the* **SUMMONS and COMPLAINT.**

2. Plaintiff shall file a **RETURN** on the **SUMMONS** with a **CERTIFICATE OF SERVICE** that provides the name and address of each party served and the manner of service.

3. If a trial setting is passed for settlement at trial docket call and no written request is filed to retain the case on the Court's docket, an automatic Dismissal Without Prejudice shall be entered on or after four (4) weeks. The Court's Trial Calendar is available on the court's web site at www.txnb.uscourts.gov.

## PART II: GENERAL PROVISIONS GOVERNING DISCOVERY

1. Unless otherwise ordered by the Court, the disclosures required by Federal Bankruptcy Rule 7026(a) shall be made within fourteen (14) days of the entry of a scheduling order, including the Alternative Scheduling Order contained in Part III below (which shall become effective on the forty–sixth day following the entry of this Order).

2. Unless the parties agree or the Court orders otherwise, Federal Bankruptcy Rule 7026(f) requires that parties shall confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Federal Bankruptcy Rule 7026(a)(1), to develop a proposed discovery plan, and to submit a proposed scheduling order. The parties shall confer with each other regarding these matters within thirty (30) days of the service of the Summons unless the Court orders otherwise.

3. During such conference, the parties may agree to waive the requirement of submitting their own proposed scheduling order and may follow the terms and deadlines contained in the Alternative Scheduling Order set forth in Part III below (the "Alternative Scheduling Order"). If the parties do not submit a proposed scheduling order or do not schedule a status conference with the Court to discuss the provisions and deadlines of a scheduling order within forty–five days of the filing of this adversary proceeding, then the parties are deemed to have consented to the terms of the Alternative Scheduling Order.

## PART III: ALTERNATIVE SCHEDULING ORDER

The Court directs compliance with the following schedule:

1. Discovery must be completed forty–five (45) days prior to Docket Call. The names and addresses of experts must be exchanged sixty (60) days prior to Docket Call.

2. A Joint Pretrial Order in compliance with Local District Court Rule 16.4 shall be filed, served, and uploaded for Court entry seven (7) days prior to Docket Call. All counsel (or a pro se party) are responsible for preparing the Joint Pretrial Order, which shall contain the following: (a) a summary of the claims and defenses of each party; (b) a statement of stipulated facts; (c) a list of the contested issues of fact; (d) a list of contested issues of law; (e) an estimate of the length of trial; (f) a list of additional matters which would aid in the disposition of the case; and (g) the signature of each attorney (or pro se party).

3. Each exhibit shall be marked with an exhibit label. Except for impeachment documents, all exhibits, along with a list of witnesses to be called, shall be exchanged with opposing counsel (or pro se party) fourteen (14) days prior to Docket Call. Each party shall also file a list of exhibits and witnesses fourteen (14) days prior to Docket Call. All exhibits not objected to in writing by Docket Call shall be admitted into evidence at trial without further proof, except for objections to relevance. Written objections to exhibits will be taken up either at the beginning or during the course of the actual trial or at any pretrial conference.

4. Written Proposed Findings of Fact and Conclusions of Law shall be filed seven (7) days prior to Docket Call. Trial briefs shall be filed addressing contested issues of law seven (7) days prior to Docket Call.

5. Unless otherwise directed by the Presiding Judge, all dispositive motions must be heard no later than fourteen (14) days prior to Docket Call. Accordingly, all dispositive motions must be filed no later than forty–five (45) days prior to Docket Call, unless the Court modifies this deadline.

6. All parties and counsel must certify to full compliance with this Order at Docket Call. If a resetting is allowed by the Court, the plaintiff or plaintiff's attorney shall notify all other parties and shall file with the Clerk a certificate of service indicating the manner, date, and to whom notice was given.

7. If the case is reset, all the deadlines in Part III nos. 1 through 5 will be shifted to the newly scheduled Docket Call date in the absence of a contrary Court order.

8. Sanctions may be imposed for failure to comply with this Order.


DATED:  12/3/20                         FOR THE COURT:
                                        Robert P. Colwell, Clerk of Court

                                        by: /s/J. Calfee, Deputy Clerk